**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FREDERICK LUCERO,

Petitioner,

vs. No. 2:20-cv-00773-KWR-KRS

STATE OF NEW MEXICO,

Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Motion for Habeas Corpus ("Petition") filed by Petitioner Frederick Lucero on July 30, 2020 (Doc. 1). The Court will dismiss the Petition without prejudice for failure to comply with a Court order and failure to prosecute.

Petitioner Lucero's Petition indicated that he wanted to have his State of New Mexico conviction set aside, but he did not identify any state court criminal proceeding or provide any basis for any conviction to be set aside. (Doc. 1). On September 14, 2020, the Court issued an Order pursuant to *Castro v. United States,* 540 U.S. 375 (2003), notifying him that the Court was considering construing his Petition as a first habeas corpus petition under 28 U.S.C. § 2254 and granting him the opportunity to withdraw or amend his filing. (Doc. 2).

Lucero's copy of the Court's September 14, 2020 Order was returned as undeliverable. (Doc. 3). As a result, on October 2, 2020, the Court issued an Order to Show Cause directing Lucero to either provide the Court with a current address or show cause why the case should not

be dismissed. (Doc 4). Mail sent to Lucero at his address of record, including a copy of the Court's October 2, 2020 Order, was also returned to the Court as undeliverable. (Doc. 5, 6).

The record reflects that mailings to Petitioner Frederick Lucero were returned as undeliverable. (Doc. 3, 5, 6). The Court's research indicates that Petitioner Lucero has been released from the Curry County Detention Center. It appears that Petitioner has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

The Court issued an Order to Show Cause on October 2, 2020, directing Petitioner Lucero to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order. (Doc. 4). More than 30 days has elapsed since entry of the Order to Show Cause and Petitioner Lucero has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner Lucero has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's October 2, 2020 Order to Show Cause.

Petitioner Lucero has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS ORDERED** that the Motion for Habeas Corpus filed by Petitioner Frederick Lucero (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE